IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE MEYERS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| PIONEER EXPLORATION, LLC | § § | |
| Defendant. | § § | |

**COMPLAINT – COLLECTIVE ACTION**

Plaintiff, Joe Meyers, individually and on behalf of all others similarly situated, complains of Pioneer Exploration, LLC and shows as follows:

### I.   SUMMARY

1.01.   Plaintiff brings this collective action because Defendant arbitrarily categorizes certain working hours as "drive time" and does not pay Plaintiff and similarly situated employees overtime compensation on those hours.  Accordingly, Plaintiff and all similarly situated employees are entitled to their unpaid overtime compensation, liquidated damages, attorney's fees and costs.

### II. JURISDICTION AND VENUE

2.01.   This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

2.02.   This Court is a proper venue for this action under 28 U.S.C. § 1391(b)(1) because Defendant maintains its corporate headquarters in this judicial district.

### III.   PARTIES

3.01.   Plaintiff Joe Meyers is a resident of Winters, Texas and was employed as a truck driver for Defendant within the three-year period immediately preceding the filing of this Complaint.  His written consent to this action is attached as Exhibit "A."

3.02.   Pioneer Exploration is a Delaware corporation with its principal place of business in Houston, Texas.  It may be served with process through its registered agent, The Corporation Company, 735 First National Building, Oklahoma City, OK, 73102.

### IV.   FACTUAL BACKGROUND

4.01.   Plaintiff was employed by Defendant as a truck driver engaged in the intrastate transportation of water used in oil and gas production.

4.02.   Plaintiff's position was non-exempt under the FLSA.

4.03.   Plaintiff regularly worked overtime hours, that is, more than 40 hours in a workweek.

4.05.   For some of the overtime hours worked by Plaintiff, Defendant compensated him at his regular hourly rate plus time-and-one-half his regular hourly rate for hours over forty in a workweek.

4.06.   However, Defendant implemented a policy by which Plaintiff was paid a lower hourly rate for hours spent travelling (often referred to as "drive time").

4.06.   In addition, Defendant did not pay an overtime premium for those drive time hours worked in excess of 40 in each workweek.

### V.   COVERAGE

5.01.   Defendant's gross volume of sales exceeds $500,000 per year, exclusive of excise taxes.

5.02.   During the relevant time period, Defendant was an employer engaged in commerce within the meaning of the FLSA.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.01.   Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant pursuant to 29 U.S.C. § 215(b).

6.02.   An FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 215(b).

6.03.   Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's failure to properly pay overtime compensation for all overtime hours worked by its non-exempt employees who travelled to, from or between work locations.

6.04.   The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

6.05.   Plaintiff is similar to the potential opt-in plaintiffs in the denial of overtime pay for drive time when required to work over forty hours in a workweek.

6.06.   Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiff or the potential opt-in plaintiffs.

6.07.   Plaintiff's experience is typical of that experienced by the potential opt-in plaintiffs.

6.08.   The specific job titles or job duties of each potential opt-in plaintiff do not prevent collective treatment.

6.09. All potential opt-in plaintiffs, irrespective of their particular job duties, are entitled to overtime compensation for all drive time hours in excess of forty during a workweek.

6.10. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

6.11. As such, the class of similarly situated potential plaintiffs is properly defined as follows:

> **All non-exempt, hourly paid employees of Defendant who have been paid an hourly rate for travel (or "drive") time without additional overtime compensation in workweeks where such employees worked more than 40 hours during the three-year period immediately preceding the filing of this Complaint.**

## VII.   CAUSE OF ACTION

7.01. Plaintiff re-alleges and incorporates by reference the facts set forth above.

7.02. At all relevant times, Plaintiff and all other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

7.03. The FLSA regulates, among other things, the payment of overtime wages by employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

7.04. Defendant is subject to the overtime wage requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

7.05.   Defendant, pursuant to its policy and practice, willfully violated the FLSA by refusing and failing to pay Plaintiff and other similarly situated employees all overtime compensation to which they were entitled.

7.06.   Defendant has acted neither in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

7.07.   Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding Plaintiff and all similarly situated employees:

A.   overtime compensation for all hours worked in excess of forty hours at the rate of one and one half times their regular rates;

B.   an equal amount as liquidated damages as allowed under the FLSA;

E.   reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

F.   pre-judgment and post judgment interest at the highest rates allowed by law; and

G.   such other relief as to which Plaintiff and the Class Members may be entitled.

Respectfully submitted,

**THE YOUNG LAW FIRM**
By: /s/ Jeremi K. Young
**Jeremi K. Young**
State Bar No. 24013793
112 W. 8th Avenue, Suite 900-D
Amarillo, Texas  79101
(806) 331-1800
(806) 398-9095 (fax)

*ATTORNEY FOR PLAINTIFFS*